## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

EMMA SNOWDEN,

       Plaintiff,

      v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY,

       Defendant.

**ECF/CM Case**

**Case No.**

**COMPLAINT**

JURY DEMAND



### NATURE OF THE ACTION AND THE PARTIES

1. This is an action to redress unlawful employment practices pursuant to under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 621 et seq.,, the New York State Human Rights Law ("SHRL") N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law ("CHRL") N.Y.C. Admin. Code §8 -101 et seq.

2. Plaintiff Emma Snowden ("Snowden" or "Plaintiff") was employed as a Mail Room Accounting Clerk for her former employer, Columbia University ("Columbia" or "Defendant") in New York County, New York.

3. Snowden has physical limitations; accordingly, she has a disability within the meaning of the ADA and she is over 40 years of age, therefore, she is an older person within the meaning of the ADEA.

4. Colombia University is a private college located in the borough of Manhattan, also known as New York County, NY.

Snowden v. Columbia University
Complaint

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because all causes of action accrued in New York County, New York.

7.  Plaintiff has exhausted all of the required administrative remedies before bringing this action against Columbia.

## FACTS

8.  Snowden commenced her employment with Colombia on the 21st of January 2003 as a Payroll Clerk in their Finance Department.

9.  Throughout her time with Columbia, Snowden has endured and fought against unlawful discriminatory behavior where younger less qualified individuals where hired for positions where she was an applicant.

10.  On or about November 19, 2010, Snowden was granted a medical leave of absence in order to treat an aneurysm.

11.  On or about February 21, 2011, Snowden returned to Columbia and she continued in her position as a Mail Clerk in the Accounting Department.

12.  About four days after her return to work, two representatives from Columbia's Human Recourses Department came to Snowden's work station and requested information on her medical condition and her physical limitations.

13.  Once Columbia received documentation from Snowden as outlined in paragraph 12

2

of this complaint, Columbia knew or should have known that Snowden would require a

reasonable accommodation in order to meet Colombia's definition of an essential function of her

job.

14.  Colombia, however, did not give Snowden any reasonable accommodation so that

she may perform any of her job functions; rather, her co-workers volunteered to lift her mail

sorting bins weighing in excess of 10 pounds on to her sorting desk after they noticed her

physical limitations.

15. The sorting bin described in paragraph 14 of this complaint averages two to three days

for Snowden to complete –which is no different from time she would take prior to her disability-

after which she would require assistance in placing a new bin on her sorting desk.

16.  On or about July 18, 2011, Columbia advised that Snowden that because she could

not meet the essential functions of her job she is to be removed from her position and paced in a

temporary position that was subject to expiration which would lead to Snowden becoming

unemployed.

17. Snowden's Mail Clerk position was then filled by a person younger than Snowden.

18. On or about November 4, 2011, Snowden position as described in paragraph 15 came

to an end and she was terminated from her employment with Columbia.

## COUNT I
## (ADA)

19.  Snowden repeats and realleges every allegation in paragraphs 1 through 18 of this

Complaint with the same force and effect as though fully set forth herein.

20.  At all relevant times, Columbia was an "employer" within the meaning of the ADA,

3

Snowden v. Columbia University
Complaint

42 U.S.C. §12101 et seq.

21. At all relevant times, Snowden was an "employee" within the meaning of the ADA.

22. Columbia's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADA.

23. Columbia's conduct, as alleged herein, was carried out without regard for Snowden's right to be free from disability discrimination as outlawed under the ADA.

24. Columbia's conduct, as alleged herein, was retaliation because Snowden exercised her rights and complained of unlawful discrimination and as a result thereof, Columbia terminated her employment.

25. As a result Columbia's unlawful conduct, Snowden has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

26. As a further result of Columbia unlawful conduct, Snowden has suffered and continue to suffer, among other items, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from Columbia under the ADA.

## COUNT II
### (ADEA)

27. Snowden repeats and realleges every allegation in paragraphs 1 through 26 of this Complaint with the same force and effect as though fully set forth herein.

4

28. Columbia employs more than 100 employees; therefore, they meet the statutory definition of an "employer" within the meaning of the ADEA, 29 U.S.C. § 621 et seq.

29. Columbia's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADEA, in that, Columbia terminated the Snowden's employment because of age.

30. As a result Columbia's unlawful conduct, Snowden has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Snowden is entitled to recover such monetary and other damages, punitive damages, interest, and attorneys' fees and costs from the defendant under the ADEA.

31. As a further result of Columbia unlawful conduct, Snowden has suffered and continue to suffer, among other items, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from Columbia under the ADEA.

## COUNT III
## (SHRL)

32. Snowden repeats and realleges every allegation in paragraphs 1 through 31 of this Complaint with the same force and effect as though fully set forth herein.

33. At all relevant times, Columbia was an "employer" within the meaning of the SHRL.

33. At all relevant times, Snowden was an "employee" within the meaning of the SHRL.

5

Snowden v. Columbia University
Complaint

34. Columbia's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the SHRL.

35. As a result Columbia's unlawful conduct, Snowden has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other damages, including lost wages, lost benefits, lost pension and retirement earnings.

36. As a further result of Columbia unlawful conduct, Snowden has suffered and continue to suffer, among other items, impairment and damage to their good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are entitled to recover damages for such injuries from Columbia under the SHRL.

## COUNT IV
## (CHRL)

37. Snowden repeats and realleges every allegation in paragraphs 1 through 36 of this Complaint with the same force and effect as though fully set forth herein.

38. At all relevant times, Columbia was an "employer" within the meaning of the CHRL.

39. At all relevant times, Snowden was an "employee" within the meaning of the CHRL.

40. Columbia's conduct, as alleged herein, constituted unlawful discriminatory practices and unlawful discrimination on the basis of disability in violation of the CHRL.

41. As a result of Columbia's unlawful conduct, Snowden has suffered and continues to suffer, damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, embarrassment and humiliation with resulting monetary and other

6

Snowden v. Columbia University
Complaint

damages, including lost wages, lost benefits, lost pension and retirement earnings.

42. As a further result of Columbia unlawful conduct, Snowden has suffered and
continue to suffer, among other items, impairment and damage to their good name and
reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of
enjoyment of life, and lasting embarrassment and humiliation; accordingly, the plaintiffs are
entitled to recover damages for such injuries from Columbia under the CHRL.

### PRAYER FOR RELIEF

**WHEREFORE**, Snowden requests judgment as follows and to grant further relief as
may be necessary and proper.

**(A) On Count I**:

(1) enter a judgment declaring the acts and practices of Columbia to be in
violation of the ADA;

(2) award Snowden as against Columbia, loss wages, including without
limitation back pay, front pay, bonuses, benefits, pension and retirement earnings,
and interest lost as a result of Columbia's unlawful discrimination in accordance
with the ADA and other supporting laws;

(3) award Snowden as against Columbia, consequential damages for losses
resulting from Columbia's unlawful discrimination and unlawful harassment in
accordance with the ADA and other supporting laws;

(4) award Snowden as against Columbia, compensatory damages for,
among other items, injury, impairment and damage to his good name and
reputation, emotional distress, mental anguish, emotional pain, suffering,

inconvenience, lasting embarrassment and humiliation, and other pecuniary and

nonpecuniary losses, in accordance with the ADA and other supporting laws; and

(5) award Snowden as against Columbia the cost of this action, together with

reasonable attorneys' fees, in accordance with the ADA and other supporting laws.

## (B) On Count II:

(1) enter a judgment declaring the acts and practices of Columbia to be in

violation of the ADEA;

(2) award Snowden as against Columbia, loss wages, including without

limitation back pay, front pay, bonuses, benefits, pension and retirement earnings,

and interest lost as a result of Columbia's unlawful discrimination in accordance

with the ADEA and other supporting laws;

(3) award Snowden as against Columbia, consequential damages for losses

resulting from Columbia's unlawful discrimination and unlawful harassment in

accordance with the ADEA and other supporting laws;

(4) award Snowden as against Columbia, compensatory damages for,

among other items, injury, impairment and damage to his good name and

reputation, emotional distress, mental anguish, emotional pain, suffering,

inconvenience, lasting embarrassment and humiliation, and other pecuniary and

nonpecuniary losses, in accordance with the ADEA and other supporting laws; and

(5) award Snowden as against Columbia the cost of this action, together

with reasonable attorneys' fees, in accordance with the ADEA and other

supporting laws.

8

## (C) On Count III:

(1) enter a judgment declaring the acts and practices of Columbia to be in violation of the SHR;

(2) award Snowden as against Columbia, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Columbia's unlawful discrimination, unlawful harassment, in accordance with the SHRL;

(3) award Snowden as against Columbia, consequential damages for losses resulting from Columbia's unlawful discrimination in accordance with the SHRL;

(4) award Snowden as against Columbia, compensatory damages for, among other items, injury, impairment and damage to his good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the SHRL; and

(5) award Snowden as against Columbia, the cost of this action together with attorneys' fees, in accordance with the SHRL.

## (D) On Count VI:

(1) enter a judgment declaring the acts and practices of Columbia to be in violation of the CHRL;

(2) award Snowden as against Columbia, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of Columbia's unlawful discrimination in accordance

9

with the CHRL and other supporting laws;

(3) award Snowden as against Columbia, consequential damages for losses
resulting from Columbia's unlawful discrimination and unlawful harassment in
accordance with the CHRL and other supporting laws;

(4) award Snowden as against Columbia, compensatory damages for,
among other items, injury, impairment and damage to his good name and
reputation, emotional distress, mental anguish, emotional pain, suffering,
inconvenience, lasting embarrassment and humiliation, and other pecuniary and
nonpecuniary losses, in accordance with the CHRL and other supporting laws; and

(5) award Snowden as against Columbia the cost of this action, together
with reasonable attorneys' fees, in accordance with the CHRL and other supporting
laws.

## JURY DEMAND

Snowden demands a jury trial for all issues triable by jury.

Dated: April 5, 2012  LAW OFFICE OF
New York, New York  LOCKSLEY O. WADE, LLC
110 Wall Street, 11th Floor
New York, NY 10005
(212) 933-9180
(212) 933-9181 - Fax
*Attorney for Plaintiff*

By: _____
LOCKSLEY O. WADE, ESQ.

10